[No. 8432.]

CURRENT V. THE PEOPLE.

CRIMINAL LAW—*Information Construed.* A count averring that the accused on a day named, at a county designated, "with intent to cheat and defraud" another who is named, "that he the said" accused, was the agent of an insurance company named, makes no charge of any offense. The words of accusation cannot be supplied by inference. Conviction reversed. (366.)

*Error to Denver District Court.* Hon. H. S. CLASS, Judge.

Mr. MEL EMERSON PETERS, Mr. O. N. HILTON, Mr. CAESAR A. ROBERTS, for plaintiff in error.

Hon. FRED FARRAR, Attorney General, Mr. CLARENCE M. HAWKINS, Mr. WENDELL STEPHENS, Assistant Attorneys General, for The People.

BAILEY, J., delivered the opinion of the court.

The first count of the information upon which defendant was tried and convicted charges him with obtaining from one W. J. Sproul, by various false and felonious pretenses and representations set forth therein, the sum of $5,300.00. The count in the main is as follows:

"Comes now John A. Rush, District Attorney within and for the Second Judicial District in the State of Colorado, and in the name and by the authority of the People of the State of Colorado informs the Court and gives the Court to understand that W. D. Current, on, to-wit, the first day of November in the year of Our Lord One Thousand Nine Hundred and Twelve, at the City and County of Denver, in the State of Colorado, with intent to cheat and defraud, another, to-wit, W. J. Sproul, that he, the said W. D. Current, was then and there appointed and was the agent of the Equitable Life Assurance Society of New York for the State of Colorado to take the place of one W. W. Booth, who was and had been the agent of said company in said State of Colorado, and did then and there falsely and feloniously pretend and represent to the said W. J. Sproul that he, the said W. D. Current, would assume the duties as said agent of said company and charge of said office of said company in the said State of Colorado on the 10th day of December, A. D. 1912 * * *; * * * and did then and there urge upon and persuade, in the manner aforesaid, the said W. J. Sproul to buy from him, the said Current, a half interest in his said agency of the said the Equitable Life Assurance Society of New York for the sum of Eight Thousand Dollars, and the said W. J. Sproul, then and there believing the said false and felonious pretenses and representations so made by the said W. D. Current, and relying thereupon, and being deceived thereby, did then and there agree to and did purchase from said Current a half interest in said Current's agency in the said the Equitable Life Assurance Society of New York and the said Sproul

did then and there and at divers and numerous times thereafter, between the said first day of November, A. D. 1912, and the 25th day of February, A. D. 1913, pay over and deliver to the said W. D. Current the sum of Fifty- three Hundred Dollars, of the moneys and personal property of the said W. J. Sproul, and he, the said W. D. Current, did then and there unlawfully, feloniously, designedly and knowingly, by means of the said false and felonious pretenses and representations aforesaid, obtain from the said W. J. Sproul, the said Fifty-three Hundred Dollars in money of the value of Fifty-three Hundred Dollars, of the moneys and personal property of the said W. J. Sproul, with intent to cheat and defraud the said W. J. Sproul; whereas, in truth and in fact the said W. D. Current was not then and there the agent of the said the Equitable Life Assurance Society of New York, for the State of Colorado, or any other state or place  *  ·*  *  and the said W. D. Current did not have any agency and was not the agent of the said the Equitable Life Assurance Society and had nothing to sell or dispose of to the said W. J. Sproul of any value whatever, and he the said W. D. Current was not then the agent of and was not appointed the agent of the said the Equitable Life Assurance Society of New York for the State of Colorado or any other place or state, to succeed the said W. W. Booth or any other person, all of which he the said W. D. Current at the time of the making thereof knew to be false, felonious and untrue; contrary to the form of the statute in such case made and provided, and against the peace and dignity of the People of the State of Colorado."

At the instance of the District Attorney, as appears from the record, it seems that the Court submitted the whole case upon the question of obtaining, on the 30th day of December, 1912, upon the false and felonious pretenses and representations that the defendant was then and there the agent of the Equitable Life Assurance Society of New York, the sum of $350.

The first paragraph of the count, it being the only one submitted to the jury for its consideration, omitting the formal parts, reads as follows:

"gives the court to understand that W. D. Current, on, to-wit, the first day of November in the year of Our Lord One Thousand Nine Hundred and Twelve, at the City and County of Denver, in the State of Colorado, with intent to cheat and defraud another, to-wit, W. J. Sproul, that he, the said W. D. Current, was then and there appointed and was the agent of the Equitable Life Assurance Society of New York for the State of Colorado to take the place of one W. W. Booth, who was and had been the agent of said company in said State of Colorado."

The court instructed the jury as follows:

"You are further instructed that the second and third count is withdrawn from your consideration; and that this case is to be submitted to you on the first count alone. The item selected for your consideration by the district attorney is that the defendant obtained from the prosecuting witness, W. J. Sproul, three hundred and fifty dollars, on the 30th day of December, 1912, by feloniously and falsely pretending and representing to the said W. J. Sproul that he, the said W. D. Current, was the agent of the Equitable Life Assurance Society of New York on said 30th day of December, 1912, as charged in the information."

This instruction does not correctly state the charge made. The paragraph in the information does not contain the words "by feloniously and falsely representing and pretending to the said W. J. Sproul," or anything equivalent thereto. They are supplied by the court. That part of the instruction upon which the guilt or innocence of the defendant was determined makes no charge of any offense whatever. No false pretense is charged, no fraudulent pretense is charged, and no felony is charged.

It is fundamental that an information which attempts

to charge a felony by false pretense must at least allege that the false pretense was made, and it must also state to whom made, and if it does not state that any false pretense was made, or to whom made, it is fatally defective. It is not merely that the words "feloniously and falsely" are omitted; there is a complete absence of any charge of any offense in any terms at all, so far as the particular matter submitted to the jury is concerned. This omission no doubt was due to inadvertence or oversight, but the fact remains that the charging words are not there, and they cannot be supplied by any inference of the court. 22 Cyc. 330. This paragraph of the information is defective in an essential particular.

In view of the fact that the question of the guilt or innocence of the defendant was submitted to the jury upon the question of false pretenses or representations concerning a matter in reference to which no false pretenses or representations were charged, the error was fatal, and the judgment of conviction must be reversed.

The judgment is reversed and the cause remanded to the District Court for further proceedings according to law.

GABBERT, C. J., and WHITE, J., concur.